**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

ROBERT GIBSON, et al.

           Plaintiffs,

v.                             CIVIL ACTION NO. 2:10-cv-00999

AMERICAN OPTICAL CORPORATION, et al.

           Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the parties' Unopposed Joint Motion of Plaintiffs and Petitioning Defendant for Remand [Docket 25]. For the reasons set forth below, the motion is **GRANTED**.

*I. BACKGROUND*

This case arises from the allegedly unlawful actions of Defendants American Optical Corporation ("American Optical"), and Raleigh Mine and Industrial Supply, Inc., Eastern States Mine Supply Co., and Crest Supply Co. (together "distributor-Defendants"). Plaintiffs allege in the complaint that Plaintiff Robert Gibson, a coal miner, was exposed to harmful dust as a result of his use of respirators bearing the American Optical brand and sold and distributed by one or more of the distributor-Defendants.

On November 19, 2009, Plaintiffs filed a complaint in the Circuit Court of Nicholas County, West Virginia, asserting a negligence claim against American Optical, a strict liability claim against American Optical and the distributor-Defendants, and a loss of consortium claim for Plaintiff Patricia Gibson. American Optical filed a notice of removal on August 6, 2010, seeking to invoke this Court's diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441. According to the notice of

removal, American Optical is a Delaware corporation with its principal place of business in Connecticut, and the distributor-Defendants are all West Virginia corporations with their principal places of business in West Virginia. However, American Optical contends that the distributor-Defendants are fraudulently joined parties and therefore should not be considered for jurisdictional purposes. Plaintiffs disagreed, arguing that the distributor-Defendants were not fraudulently joined. The parties filed the pending joint motion to remand on September 1, 2010. American Optical now agrees that the Court lacks subject matter jurisdiction over this case, apparently conceding that the distributor-Defendants are not fraudulently joined.

## II. DISCUSSION

The asserted basis of the Court's jurisdiction over this removed action is that there is complete diversity of citizenship among the parties and the amount in controversy exceeds the jurisdictional threshold. 28 U.S.C. § 1332(a). The amount in controversy requirement is not at issue, but the parties initially disagreed as to whether complete diversity exists. The complete diversity requirement is satisfied "when no party shares common citizenship with any party on the other side." *Mayes v. Rapoport,* 198 F.3d 457, 461 (4th Cir. 1999). Plaintiffs and the distributor-Defendants are citizens of West Virginia, which suggests that complete diversity does not exist. However, if the distributors were fraudulently joined, then their citizenship is irrelevant to the jurisdictional analysis. *Hartley v. CSX Transp.*, 187 F.3d 422, 424 (4th Cir. 1999).

### A. Fraudulent Joinder

Fraudulent joinder requires neither fraud nor joinder. Rather, it is "a term of art [which] does not reflect on the integrity of plaintiff or counsel, but is merely the rubric applied when a court finds either that no cause of action is stated against [a] nondiverse defendant, or in fact no cause of action

exists." *AIDS Counseling & Testing Ctrs. v. Group W Television, Inc.*, 903 F.2d 1000, 1003 (4th Cir. 1990); *cf. Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568 (5th Cir. 2004) (adopting term "improper joinder" as more accurate than "fraudulent joinder"). To show that a nondiverse defendant has been fraudulently joined, "the removing party must demonstrate either 'outright fraud in the plaintiff's pleading of jurisdictional facts' or that 'there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" *Hartley*, 187 F.3d at 424 (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993) (emphasis in original). "The party alleging fraudulent joinder bears a heavy burden—it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." *Hartley*, 187 F.3d at 423. In fact, the fraudulent joinder standard "is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Mayes*, 198 F.3d at 464. Accordingly, "[a] claim need not ultimately succeed to defeat removal; only a possibility of a right to relief need be asserted." *Marshall*, 6 F.3d at 233; *see also Hartley*, 187 F.3d at 426 ("Once the court identifies this glimmer of hope for the plaintiff, the jurisdictional inquiry ends.").

The parties in this case agree that remand to the Circuit Court of Nicholas County, West Virginia, is appropriate, as evidenced by the Unopposed Joint Motion for Remand [Docket 25]. Due to its acquiescence in that motion, the Court finds that American Optical has failed to carry its "heavy burden . . . [of] show[ing] that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." *Hartley*, 187 F.3d at 423. Furthermore, based on the pleadings and the record as it currently stands, it is not apparent to the Court that Plaintiffs cannot establish a valid claim against the distributor-Defendants. Therefore, the Court does not find that

the distributor-Defendants are fraudulently joined parties and their citizenship will be considered for the purpose of evaluating this Court's jurisdiction. *See Mayes*, 198 F.3d at 461.

### B. *Removal Jurisdiction*

United States "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Generally, the party seeking removal bears the burden of showing that federal jurisdiction exists. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Because removal jurisdiction is strictly construed, all doubt is resolved in favor of remand. *Id.*

The propriety of the Court's jurisdiction over a removed action is evaluated in light of the record as it existed at the time of removal. *Wickline v. Dutch Run-Mays Draft, LLC*, 606 F. Supp. 2d 633, 635 (S.D. W. Va. 2009). In this case, the record as of the date the notice of removal was filed reflects that Robert Gibson and Patricia Gibson are the only plaintiffs and that American Optical and the three distributor-Defendants are the only named defendants. Plaintiffs are citizens of West Virginia and Defendant American Optical is a citizen of Delaware and Connecticut. However, all three distributor-Defendants are citizens of West Virginia. Thus, there is not complete diversity among the opposing parties. Accordingly, the Court **FINDS** that it may not exercise jurisdiction over this removed action pursuant to 28 U.S.C. § 1332(a).

*III. CONCLUSION*

Based on the foregoing discussion and analysis, the Court concludes that it lacks subject matter jurisdiction over this matter. Accordingly, the parties' Joint Motion for Remand [Docket 25] is **GRANTED**.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party and a certified copy to the clerk of court for the Circuit Court of Nicholas County.

ENTER: November 4, 2010

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE